■  Board of Managers of the 85 8th Avenue Condominium, Respondent, v Manhattan Realty LLC et al., Appellants, et al., Defendants. [958 NYS2d 368]—

Order, Supreme Court, New York County (Joan A. Madden,

J.), entered July 21, 2011, which denied defendants Manhattan Realty LLC and Joel Weiner's motion for summary judgment and granted plaintiff's motion for summary judgment, unanimously modified, on the law, to deny plaintiff's motion and grant defendants' motion to the extent of dismissing plaintiff's claims for common charges allegedly owed by defendants (1) from 2004 onward, except for the amounts that defendants acknowledge are due, (2) for repair and maintenance of the lobby of the residential unit, (3) for repair of plumbing servicing the residential unit, and (4) for the costs and legal fees incurred in the instant action (without prejudice to recovering them from defendants if plaintiff is ultimately the prevailing party), and otherwise affirmed, without costs.

The bylaws of the subject condominium, which consists of a residential unit (a cooperative), a garage unit, and a commercial unit, require a five-member board of managers. The garage and commercial units each have the right to designate one member and the residential unit has the right to designate three members. The bylaws also require annual elections and contain specific provisions for amendments.

At a meeting of the residential *cooperative* (not *condominium*) board held on January 28, 1992, a motion was successfully made to elect the same condominium board as the cooperative board. There is a dispute between the parties as to whether the boards were to be the same indefinitely or for a specified period of time. In either case, defendants argue that the election of the condominium board was in violation of the bylaws. Plaintiff has presented no evidence that the condominium's bylaws were amended to provide that its board of managers and the cooperative board would be the same in perpetuity nor has it presented any evidence that the condominium's board election was in accordance with the bylaws.

According to defendants, the garage and commercial units have had no representation on the condominium board since approximately 1997. By contrast, the board president testified that through 2003, defendants' representative attended board meetings. It is undisputed that, as of January 21, 2010, all six of the members of the alleged condominium board were from the cooperative, and that at various points before May 28, 2010, defendants demanded that a condominium board be created pursuant to the bylaws, to no avail.

Defendants raised issues of fact as to whether the condominium board was properly constituted and thus, whether it had the authority to impose the charges at issue in this case (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530,

540 [1990]). Accordingly, plaintiff is not entitled to summary judgment.

Defendants are entitled to summary judgment dismissing the complaint for the period 2004 onward, except for the amounts they concede are owed for charges prior to 2004, since it is undisputed that at that time defendants were no longer represented on the board and thus, the board did not have the authority to impose the charges (*see Levandusky*, 75 NY2d at 540). For the period prior to 2004, defendants are entitled to summary judgment dismissing plaintiff's claims for the categories of common charges that are inconsistent with the governing documents. Specifically, the Declaration of Condominium states that the residential unit includes the lobby area; therefore, to the extent the condominium has been charged for repairs and maintenance of the cooperative's lobby, this is improper. Similarly, the Declaration states that plumbing servicing the residential unit is part of the residential unit; thus, the cost of repairing such plumbing is not a condominium common charge. Defendants are not entitled to summary judgment with respect to charges relating to the hallways and elevator since the Declaration contains conflicting provisions regarding which parts of the hallways and elevator are common elements.

Similarly, to the extent plaintiff has allocated the fees for the instant action to the condominium, this is not permitted by either the Declaration or the bylaws.

Defendants may be correct that plaintiff is not entitled to allocate 40% (as opposed to some lesser amount) of the managing agent's fee and 29% of the payroll to the condominium. However, they are not entitled to summary judgment dismissing the payroll and managing agent fee claims since there is evidence that the managing agent was responsible for managing all of the building, including the commercial unit and the garage unit, and that the superintendent (part of the payroll fee) performed work in the condominium's common elements. Thus, there is an issue of fact as to what percentage of the fees is chargeable to defendants.

Defendants are not entitled to summary judgment limiting the garage's responsibility for heating costs to 4%. Although an amendment to the offering plan, which defendants concede must be read together with the bylaws, allocates 4% of the heating costs to the garage, the bylaws state that common expenses should be allocated according to the condominium units' proportionate interest in the common elements, which is 9.6% for the garage unit. Additionally, the bylaws require each condominium unit to pay its fair share of heating expenses.

Defendants are not entitled to summary judgment voiding plaintiff's decision to spend more than $10,000 to repair the cooperative's courtyard, which is also the garage's roof. Although the bylaws provide that "[n]o . . . vote shall be binding without the consent of . . . ninety . . . percent of the Unit Owners if such vote purports to . . . decide to expend more than $10,000," the next sentence states that *"Notwithstanding the foregoing*, the Board of Managers is authorized to operate the building as a first-class multiple dwelling . . . Toward that end, the Board may expend any sums it deems necessary in connection with the operation and maintenance of the Common Elements" (emphasis added). The courtyard is undisputedly a common element.

To be sure, the bylaws also prohibit the condominium board from making any determinations which adversely affect the garage and the commercial unit. If—as defendants contend—the courtyard renovation was unnecessarily lavish, to the sole benefit of the cooperative, this might be contrary to the bylaws. Again, however, this merely creates an issue of fact for trial; it does not entitle defendants to summary judgment. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ. **[Prior Case History: 2011 NY Slip Op 32032(U).]**